UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN GROHS and JOSEPH WALLS,** <br><br> Plaintiffs, <br><br> v. <br><br> **CRYSTAL RAUPP**, *et al.*, <br><br> Defendants. | Case No. 25–cv–00637–ESK–EAP <br><br><br> **OPINION AND ORDER** |

**THIS MATTER** is before the Court on *pro se* plaintiffs Steven Grohs and Joseph Walls's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiffs have been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will allow the Complaint to proceed in part.

    1.    Plaintiffs are residents of the Special Treatment Unit in Avenel, New Jersey (Unit). They are civilly committed pursuant to New Jersey's Sexually Violent Predator Act. (ECF No. 1 ¶ 5.) Defendants Crystal Raupp and P. McGill work at the Unit as administrators and are employed by the New Jersey Department of Corrections (Department). (*Id.* ¶¶ 6, 7.)

    2.    Plaintiffs allege in their Complaint that Unit conditions violate the Eighth Amendment's prohibition of cruel and unusual punishment and the Fourteenth Amendment's due process protections. (*Id.* ¶¶ 122, 131.) They point to the continued failure to provide hot water for showers, failure to provide working dryers in the laundry facilities, and the failure to provide "adequate TV reception." (*Id.* ¶¶ 121, 130.)

    3.    According to plaintiffs, Raupp and McGill have been informed on several occasions that the showers had no hot water and that the dryers in the laundry facilities were not drying plaintiffs' clothing. (*See, e.g., id.* ¶¶ 56, 59, 78.) Plaintiffs allege that showering in ice cold water and having insufficiently

clean clothing is exacerbating their medical conditions. (*See, e.g., id.* ¶¶ 60, 61, 96.)

4. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by plaintiffs proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

5. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the [plaintiffs'] favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

7. Civilly committed Unit residents are not "prisoners" for purposes of § 1983 complaints. *See Aruanno v. Green*, 527 F. App'x 145, 146 n. 1 (3d Cir. 2013). Plaintiffs' claims are considered "pursuant to the Due Process Clause of the Fourteenth Amendment. Eighth Amendment standards are nonetheless applicable as the minimal standard that must be met." *Id.* (citing *Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982)).

8. I will allow the Complaint to proceed to the extent it argues the shower and laundry facilities violate plaintiffs' due process rights.[1] *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 285 (D.N.J. 2013) ("There is also some

---

[1] My preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–cv–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

authority for considering adequate hot water as a reasonable condition of confinement. That is particularly true when inadequate hot water is combined with other factors affecting health and safety.")

9. I will dismiss plaintiffs' complaints about the television reception for failure to state a claim. To state a due process claim, plaintiffs must point to "the sort of deprivation that will give rise to a constitutional claim." *Grohs*, 984 F. Supp. 2d at 285. Plaintiffs have "no constitutional right to watch television and … watching television is not a life necessity or a basic human need … ." *Scheanette v. Dretke*, 199 F. App'x 336, 337 (5th Cir. 2006); *see also Robinson v. Wetzel*, No. 3:11–cv–01269, 2015 WL 12910723, at *5 (M.D. Pa. July 9, 2015) (citing cases), *report and recommendation adopted*, No. 3:11–cv–01269, 2015 WL 12910757 (M.D. Pa. Sept. 21, 2015), *aff'd*, 648 F. App'x 168 (3d Cir. 2016).

Accordingly,

**IT IS** on this   **11th** day of **June 2025**   **ORDERED** that:

1. The Complaint may proceed on plaintiffs' claims that the Unit shower and laundry facilities violate their Fourteenth Amendment due process rights.

2. Plaintiffs' claims regarding Unit television reception are dismissed without prejudice.   28 U.S.C. § 1915(e)(2)(B)(ii).

3. Pursuant to the Memorandum of Understanding[2] between the Court and the New Jersey Department of Corrections, the Court shall forward a copy of the Complaint to the Department and seek a waiver of service for defendants. A separate order detailing this process will follow.

4. The Clerk shall send a copy of this opinion and order to plaintiffs by regular mail.

   */s/ Edward S. Kiel*
   **EDWARD S. KIEL**
   **UNITED STATES DISTRICT JUDGE**

---

[2] The Memorandum of Understanding between all vicinages of the United States District Court for the District of New Jersey and the New Jersey Department of Corrections governs the process for obtaining waiver of service, where possible, for the Departments' current and former employees.